tion [2116] is not deemed an owner within the provisions of section [388] of this chapter".

We conclude that, pursuant to Vehicle and Traffic Law § 2113 (c), Richard Forness was required to deliver the vehicle to a bona fide purchaser and comply with the other provisions applicable to owners of sections 2113 and 2116 before he was no longer "deemed an owner". Here, Richard Forness, through his agent, delivered possession of the vehicle to Keefe, a bona fide transferee, and complied with all the provisions of Vehicle and Traffic Law §§ 2113 and 2116 that were applicable to owners. Thus, Richard Forness was not the owner of the vehicle at the time of the accident. In reaching that conclusion, we reject plaintiff's assertion that a transferor is liable to third parties as the owner of a vehicle until such time as the transferee mails or delivers to the commissioner an application for a certificate of title and the required fee.

Consequently, we modify the judgment by granting judgment in favor of Richard Forness declaring that he is not liable or responsible for the injuries sustained by plaintiff's son resulting from any negligence in the use or operation of the subject vehicle on June 17, 1990 and that Allstate properly denied insurance coverage based on the transfer of the vehicle from Richard Forness to Keefe. (Appeals from Judgment of Supreme Court, Chautauqua County, Gerace, J.—Declaratory Judgment.) Present—Denman, P. J., Lawton, Hayes, Pigott, Jr., and Hurlbutt, JJ.

■ REBECCA TESTA, an Infant, by Her Mother and Natural Guardian, GERALDINE TESTA, Appellant, v KOERNER FORD OF SYRACUSE, INC., et al., Respondents. (Appeal No. 1.) [689 NYS2d 909] —Appeal unanimously dismissed without costs (*see, Matter of Ozolins* [appeal No. 2], 65 AD2d 958). (Appeal from Order of Supreme Court, Onondaga County, Tormey, III, J.—Default Judgment.) Present—Denman, P. J., Lawton, Hayes, Pigott, Jr., and Hurlbutt, JJ.

■ REBECCA TESTA, an Infant, by Her Mother and Natural Guardian, GERALDINE TESTA, Plaintiff, v KOERNER FORD OF SYRACUSE, INC., et al., Respondents. FINKELSTEIN, LEVINE, GITTELSOHN & PARTNERS et al., Appellants. (Appeal No. 2.) [689 NYS2d 818] —Order unanimously modified on the law and in the exercise of discretion and as modified affirmed without costs and judgment ordered in accordance with the following Memorandum: Plaintiff commenced this action seeking damages for injuries sustained in an automobile accident in September 1991 and was represented by Robert W. Hock, an attorney